66 F.3d 344
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Petitioner,
v.
The UNITED STATES, Cross-Petitioner.
 Misc. Nos. 438, 439.
 United States Court of Appeals, Federal Circuit.
 Aug. 30, 1995.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON PETITION FOR PERMISSION TO APPEAL
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 American Telephone and Telegraph Company (AT & T) and the United States each petition for permission to appeal the February 7, 1995 order of the Court of Federal Claims, certified on June 29, 1995, as one involving a controlling question of law with respect to which there is a substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation.
 
 The Court of Federal Claims stated:
 The controlling questions in the case are:
 
 2
 (i) whether a contract executed in violation of statutory restrictions on the obligation and expenditure of appropriated funds may be declared void from the start at the instance of the performing contractor, and, if so,
 
 
 3
 (2) whether compensation for benefits conferred upon the Government (pursuant to the voided contract) can be predicated on an implied-in-fact contract with the amount of recovery to be determined pursuant to unjust enrichment principles.
 
 
 4
 In this court's view, each of the above-stated questions, when examined in light of existing case law authority and the analyses deducible therefrom, could be answered differently than they are in the court's opinion of February 7, 1995. Thus, the possibility of a different outcome on appeal is not remote; and a different outcome on either question would end this litigation.
 
 
 5
 Given these considerations and the protracted trial proceedings now facing the parties as a consequence of the court's opinion of February 7, 1995, the allowance of an immediate appeal from that opinion would be in the interests of justice and judicial economy. Moreover, the benefits of such an appeal extend beyond the boundaries of the instant case. Defendant has advised that this court's ruling puts in doubt the legality of a large number of Department of Defense contracts covered by appropriation restrictions of the sort involved in the instant case.
 
 
 6
 Upon consideration of the trial court's order and the parties' papers, we agree that an interlocutory appeal is appropriate.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) AT & T and the United States' petitions for permission to appeal are granted.
 
 
 9
 (2) The cases will be consolidated and treated as cross-appeals.